SEBRING, Justice.
George P. Jacobs, one of the defendants below, seek9 to review by interlocutory certiorari an order entered by the trial court denying his motion to dismiss a bill of complaint brought to declare a constructive trust.
From the facts alleged in the complaint it appears that one Ryan and wife were the owners in fee simple of certain real property in Dade County. They listed the property with a real estate broker with directions that he find and produce a lessee willing to enter into a 99-year lease on terms satisfactory to said owners. Thereupon, the real estate broker agreed with the defendant, George P. Jacobs, that he would pay Jacobs a certain portion of any commission earned if he, Jacobs, would produce such a lessee. Thereafter Jacobs orally agreed with the plaintiff, Marie M. Seligman, that if she would find and produce such a lessee, she should have and own an undivided one-half interest in and to all commissions collected or owned by him in connection with said transaction, as and when he had collected or earned the same.
The plaintiff, Seligman, found and produced one Hillman, who agreed to enter into a 99-year lease on terms and conditions satisfactory to the owners of the property. Subsequently the transaction in connection with the lease was closed, the defendant Jacobs became entitled to receive from the broker with whom the property was originally listed the sum of $5,500 as his part of the real estate broker’s commission, and there became due to the plaintiff, Seligman, by reason of her performance of services, one-half of the commissions earned by Jacobs.
By the terms of the lease deal between Hillman and the owners of the property, Hillman agreed to pay to the lessors, as the first payment under the lease, the sum of $15,000 in cash. In order to finance this payment Hillman made an agreement with the defendant Jacobs that if he, Jacobs, would pay one-half of the first payment he would form a corporation, assign the lease to the corporation, and give Jacobs 50 per cent, of the stock of the corporation formed for such purpose.
In pursuance of this independent agreement with the lessee, to which neither the owners of the property, the original broker, nor Seligman were parties, Jacobs, pro *316 duced the sum of $2,000 in cash and a statement from the owners of the property that -they had paid to Jacobs the sum of $5,500, this being the amount of the real estate commissions to which Jacobs was entitled from the original broker in connection with said transaction. Thereafter, the corporation was formed, the lessee assigned the lease to the corporation, and the corporation issued 50% of the stock to Jacobs.
When it came time to settle with Selig-man, Jacobs falsely represented to her that in connection with the deal he had been able to earn and collect as a broker’s commission the sum of only $1,000, and Jacobs paid one-half of that amount to the plaintiff.
Approximately six years after this payment to Seligman, the latter discovered that the representations that had been made to her by Jacobs were false. She thereupon brought this suit for the purpose of having the court decree that she was entitled to one-half of the stock issued by the corporation to Jacobs and for an order directing the corporation to transfer one-half of Jacobs’ stock to her. Jacobs moved to dismiss the complaint on the ground that the plaintiff -had an adequate remedy at law. The court below denied the motion and ordered the defendant to answer. Thereupon the defendant brought this certiorari proceeding to review and quash the order of the chancellor.
The chancellor was in error in denying the motion to dismiss the complaint. The contract between Seligman and Jacobs amounted to nothing more in legal effect, than an agreement by Jacobs to pay to Seligman in consideration of her services an amount equal to one-half of the commissions earned in producing a lessee willing to lease on terms acceptable to the owners-of the land. When Seligman produced the lessee, Hillman, and the transaction was closed, she became entitled to one-half of the commissions earned by Jacobs arising out of the contract between him and the broker with whom the property had been originally listed, and to resort to a court of law to enforce her chose in action against Jacobs in the event he failed and refused to pay her the amount agreed upon for her services. The fact that instead of collecting the amount due him from the broker who had the original listing, Jacobs in effect collected the money from the owners of the property and thereafter invested it in a private venture to which only he and the lessee were parties, did not transmute Seligman’s chose in action against Jacobs into an equitable right to impress a trust upon the stock of the corporation which Jacobs had acquired.
It follows from the conclusions reached that the motion to dismiss the complaint should have been granted on the ground assigned, without prejudice to the rights of the plaintiff to enforce her claim in a proper forum. Accordingly, certiorari is granted and the order sought to be reviewed is quashed with directions that an appropriate order be entered in conformance with this opinion.
It is so ordered.
HOBSON, C. J., and TERRELL, ROBERTS, MATHEWS and DREW, JJ., concur.
THOMAS, J., dissents.